1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                         CENTRAL DISTRICT OF CALIFORNIA

10

11   LORENZO C. ORTEGA,              )      Case No. SACV 05-00212-MAN
                                     )
12                Plaintiff,         )
                                     )
13           v.                      )      ORDER RE: PETITION FOR
                                     )      ATTORNEY FEES PURSUANT TO
14   MICHAEL J. ASTRUE,[1]           )      42 U.S.C. § 406(b)
     Commissioner of the Social      )
15   Security Administration,        )
                                     )
16                Defendant.         )
     _____)

17

18        On February 29, 2008, counsel for plaintiff filed a Petition for

19   Approval of Attorney Fees Under 42 U.S.C. § 406(b), with a supporting

20   memorandum of points and authorities and declaration by plaintiff's

21   counsel, Troy Monge of the Law Offices of Martin Taller, APC

22   (collectively, the "Petition").   The Petition requests payment of

23   attorney's fees in the gross amount of $14,855.95 for 32.25 hours of

24   attorney time expended before this Court.   On March 10, 2008, defendant

25   filed a Response to Plaintiff's Counsel's Motion for Attorney Fees

26   _____

27        [1]   Michael J. Astrue became the Commissioner of the Social
     Security Administration ("SSA") on February 12, 2007.  Pursuant to Rule
28   25(d)(1) of the Federal Rules of Civil Procedure, he is substituted in
     place of former Commissioner Jo Anne B. Barnhart as the defendant in
     this action.

Pursuant to 42 U.S.C. § 406(b) ("Response"). On October 22, 2008, plaintiff's counsel filed a Status Report Concerning Petition For Approval Of Attorney Fees Under 42 U.S.C. § 406(b) ("Status Report"). For the reasons stated below, the Petition is GRANTED.

## BACKGROUND

Plaintiff's counsel represented plaintiff before the United States District Court pursuant to a contingency fee agreement ("Agreement"), which provides in Paragraph 4 for attorney's fees of **"up to 25% of past-due benefits due me and my family."** (Petition at 2, Exhibit 1; emphasis added.) On June 23, 2006, the Court remanded this case for further administrative proceedings. On remand, the Commissioner issued a decision granting plaintiff's application for benefits. (Petition at 2, Exhibit 2.) Plaintiff was subsequently awarded $49,244.00 in retroactive benefits.[2] (*Id.*) On February 25, 2008, plaintiff's children, Judith A. Nunez and Camilo O. Corona, were awarded the additional sums of $9,060.00 and $9,369.00 respectively.[3] (*Id.*) Thus, the total past-due benefits awarded amounts to $67,673.00. (*Id.*) Pursuant to stipulation of the parties and an Order of this Court filed on July 31, 2006, plaintiff's counsel was awarded the sum of $4,900.00 in attorney's fees pursuant to the Equal Access to Justice Act ("EAJA"). (Petition at 3; Response at 3.)

---

[2]    The SSA withheld $12,311.00 for attorney's fees relating to plaintiff's past-due benefits. (Petition, Exhibit 2.)

[3]    The SSA withheld $3,193.50 for attorney's fees relating to plaintiff's children's past-due benefits. (Status Report, Exhibits 1 and 2.)

2

**APPLICABLE LAW**

Section 406(b) of Title 42 provides:

> Whenever a court renders a judgment favorable to a claimant
> . . . who was represented before the court by an attorney,
> the court may determine and allow as part of its judgment a
> reasonable fee for such representation, not in excess of 25
> percent of the total of the past-due benefits to which the
> claimant is entitled . . . . In case of any such judgment,
> no other fee may be payable . . . for such representation
> except as provided in this paragraph.

42 U.S.C. § 406(b)(1)(A).[4]

In <u>Gisbrecht v. Barnhart</u>, 535 U.S. 789 (2002), the Supreme Court held that Section 406(b)

> does not displace contingent-fee agreements as the primary
> means by which fees are set for successfully representing
> Social Security benefits claimants in court.   Rather, §
> 406(b) calls for court review of such arrangements as an
> independent check, to assure that they yield reasonable
> results in particular cases.   Congress has provided one

---

[4]   For representation of a benefits claimant at the administrative level, an attorney may file a fee petition or fee agreement.   42 U.S.C. § 406(a).   In the event of a determination favorable to the claimant, the Commissioner "shall . . . fix . . . a reasonable fee" for the attorney's services.   42 U.S.C. § 406(a)(1).

3

> boundary line: Agreements are unenforceable to the extent
> that they provide for fees exceeding 25 percent of the
> past-due benefits. Within this 25 percent boundary . . . the
> attorney for the successful claimant must show that the fee
> sought is reasonable for the services rendered.

*Id.* at 807 (citations omitted).

The hours spent by counsel representing the claimant and counsel's "normal hourly billing charge for noncontingent-fee cases" may aid "the court's assessment of the reasonableness of the fee yielded by the fee agreement." Gisbrecht, 535 U.S. at 808. The Court appropriately may reduce counsel's recovery

> based on the character of the representation and the results
> the representative achieved. If the attorney is responsible
> for delay, for example, a reduction is in order so that the
> attorney will not profit from the accumulation of benefits
> during the pendency of the case in court. If the benefits
> are large in comparison to the amount of time counsel spent
> on the case, a downward adjustment is similarly in order.

*Id.* (citations omitted); *see also* Kerr v. Screen Extras Guild, Inc., 526 F.2d 67, 70 (9th Cir. 1975)(identifying factors relevant to adjustment of an attorney's lodestar figure).

Significantly, since Gisbrecht, district courts have been deferential to the terms of contingency contracts in Section 406(b)

cases, recognizing that the resulting *de facto* hourly rates typically exceed those for non-contingency fee arrangements. *See* <u>Ellick v. Barnhart</u>, 445 F. Supp. 2d, 1166, 1169-71 (C.D. Cal. 2006)(surveying post-<u>Gisbrecht</u> cases and finding decisions approving fee awards involving range of net hourly rates of up to $982 per hour); <u>Hearn v. Barnhart</u>, 262 F. Supp. 2d 1033, 1037 (N.D. Cal. 2003)(awarding $25,132.50 in Section 406(b) fees, equivalent to $450 per hour, and citing, *inter alia*, <u>Martin v. Barnhart</u>, 225 F. Supp. 2d 704 (W.D. Va. 2002)(awarding $10,189.50, equivalent to $605 per hour), and <u>Coppett v. Barnhart</u>, 242 F. Supp. 2d 1380 (S.D. Ga. 2002)(awarding $6,554.12, equivalent to $350.49 per hour)); *see also* <u>Mudd v. Barnhart</u>, 418 F.3d 424, 427 (4th Cir. 2005)(affirming denial of motion challenging $12,231.50 fee award equivalent to 25% of past benefits and hourly rate of $736.84); <u>Blizzard v. Astrue</u>, 496 F. Supp. 2d 320, 324 (S.D.N.Y. 2007)(approving $26,798.25 fee award equaling 25% of past benefits and amounting to an hourly rate of $705); <u>Koester v. Astrue</u>, 482 F. Supp. 2d 1078, 1083 (E.D. Wis. 2007)(finding $16,890 fee award amounting to 25% of past benefits and hourly rate of $580.67 to be reasonable and rejecting characterization of award as "windfall").

## DISCUSSION

The Court finds that the Petition demonstrates that "the fee sought is reasonable for the services rendered" and is less than the agreed-upon 25 percent of past-due benefits.[5] Neither "the character

---

[5] 25% of $67,673.00 is $16,918.25. The Court notes, however, that the total amount withheld by the Commissioner for attorney fees is $15,504.50. (Status Report at 15, Exhibits 2 and 3.)

5

of the representation" nor "the results the representative achieved" suggest the unreasonableness of the fee sought.

Plaintiff's counsel was not responsible for any significant delay in securing plaintiff's benefits.  Nothing in the record before the Court suggests that there was any overreaching in the making of the fee agreement or any impropriety on the part of counsel in his representation of plaintiff before this Court.  Counsel assumed the risk of nonpayment inherent in a contingency agreement, the agreed-upon contingent fee does not exceed the 25% statutory cap, and the Petition seeks no more than the agreed fee.  In view of these circumstances and of the range of hourly rates charged for legal services in the Los Angeles area, the Court finds the *de facto* hourly rate of $460.65[6] and the total requested fee of $14,855.95 are reasonable under the inquiry called for by Gisbrecht.

///

///

///

///

///

///

///

///

///

///

///

_____

[6]     $14,855.95 divided by 32.25 hours equals $460.65.

6

**CONCLUSION**

For the reasons set forth above, the Petition is GRANTED.  Counsel is awarded Section 406(b) fees in the gross amount of $14,855.95.   In view of the previous payment of EAJA fees in the amount of $4,900.00, the Commissioner shall certify payment to counsel of a net fee of $9,955.95.   The balance of the withheld funds shall be paid to plaintiff.


IT IS SO ORDERED.


DATED: June 23, 2009

                                        /s/
                                MARGARET A. NAGLE
                        UNITED STATES MAGISTRATE JUDGE

7